IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DERRICK GARNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 1:20-cv-1167 |
| | § | |
| MARTIN MARIETTA MATERIALS, INC. | § | |
| | § | |
| Defendant. | § | JURY DEMANDED |

## COMPLAINT

Plaintiff, DERRICK GARNER, files this Complaint and Jury Demand against Defendant MARTIN MARIETTA MATERIALS, INC., alleging willful violation of the Americans with Disabilities Act, 42 U.S.C. §12101, et seq., as amended by the ADA Amendments Act of 2008 ("ADA") and the Family and Medical Leave Act. For causes of action, Plaintiff would show the Court as follows:

## I.

## PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff  DERRICK GARNER is a resident of Travis County, Texas.

2.    Defendant MARTIN MARIETTA MATERIALS, INC. is an entity which can be served with Citation through its Registered Agent, CT Corp System, 1999 Bryan Street, Suite 900, Dallas, Texas, 75201-3136. This Court has jurisdiction to hear the merits of Mr. Garner's claims under 28 U.S.C. §1331 and 42 U.S.C. §12117(a).

3.    Defendant MARTIN MARIETTA MATERIALS, INC. is an entity which can be served with Citation through its Registered Agent, CT Corp System, 1999 Bryan Street, Suite 900, Dallas, Texas, 75201-3136.

4.      This Court has jurisdiction to hear the merits of Mr. Garner's claims under 28 U.S.C. §1331 and 42 U.S.C. §12117(a).

5.      Venue is proper in this district and division under 42 U.S.C. §12117(a) (incorporating 42 U.S.C. §2000e-5(f)(3)) and 28 U.S.C. §1391(b)(1) because the incidents that gave rise to the claims in this case occurred in Harris County, Texas.

6.      Mr. Garner filed a complaint with the EEOC on April 3, 2020, which was cross-filed with the Texas Workforce Commission Civil Rights Division. His Notice of Right to Sue from the EEOC is dated August 27, 2020.  This lawsuit was filed on November 24, 2020, within 90 days from the date Mr. Garner received the right to sue notice from the EEOC.  No right to sue notice is needed for claims brought under the Texas Commission on Human Rights Act.  No exhaustion of administrative remedies is required for claims brought under the Family and Medical Leave Act.

## II.

## FACTUAL BACKGROUND

7.      Mr. Garner was hired by Martin Marietta in or around October 2017 as a Driver.

8.      In September 2019, Mr. Garner's mother was diagnosed with a medical condition that substantially limited her in several major bodily functions and life activities.  Approximately one month later, Mr. Garner notified his supervisor, Trinity, of his mother's diagnosis, and of his need to take occasional time off work to care for her.  Trinity did not mention to Mr. Garner that he could have the leave covered as intermittent leave under the Family and Medical Leave Act, but a co-worker told him that, so he applied for and was granted intermittent FMLA leave.

9.      After Mr. Garner received the FMLA coverage, he took some hours off to care for his mother.

10.     On January 25, 2020, Mr. Garner had to take an FMLA day to care for his mother. On January 27, 2020, Defendants terminated his employment.   The reasons given for Mr. Garner's termination are a pretext for illegal discrimination based on Mr. Garner's association with his mother, who was disabled, and for retaliation for taking protected leave under the Family and Medical Leave Act.

### III.

### CAUSES OF ACTION

### COUNT ONE:
### <u>ADA - Associational Discrimination</u>

11.     The Americans with Disabilities Act protects employees from discrimination based on their relationship or association with an individual with a disability.   42 U.S.C. 12112(b)(4).

12.     The ADA's definition of disability was substantially amended by the ADA Amendments Act of 2008, and it changes the definition from one that was very restrictive to one in which disability shall be construed in favor of broad coverage of individuals to the maximum extent.

13.     At all times relevant to this Complaint, Defendant was an employer within the meaning of the Americans with Disabilities Act and the Texas Commission on Human Rights Act, having at least 15 employees.

14.     Under the ADA as amended, Mr. Garner's mother suffered from a disability, as her condition substantially limited her in several major life activities.

15.     Defendant subjected Mr. Garner to a prohibited act, i.e. termination, based on his association and relationship with his mother, a person with a disability.

16.     Defendant's actions were undertaken with malice and/or reckless indifference to Mr. Garner's federally-protected right under the ADA to be free from associational discrimination.

## COUNT TWO
## Family and Medical Leave Act

17.     The Family and Medical Leave Act prohibits an employer from retaliating against an employee for taking FMLA leave. See 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b).  At all times relevant to this Complaint, Defendant was an employer covered by the FMLA.  Prior to the start of his FMLA leave, Plaintiff had been employed by Defendant for at least 12 months and had worked at least 1,250 hours during the 12 months prior to the start of his FMLA leave.   The employer is one who employs 50 or more employees within a 75-mile radius of the worksite.

18.     Plaintiff availed himself of a protected right under the FMLA and was subsequently terminated. There is a causal connection between the Plaintiff's protected activity and Defendant's decision to terminate Plaintiff. Plaintiff's taking of FMLA was a motivating factor in the decision to terminate, and as such was a cause of Plaintiff's damages, as set forth below.

## IV.

## DAMAGES

19.     As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future.

## V.

## COMPENSATORY DAMAGES

20.     Defendant intentionally engaged in an unlawful employment practice by discriminating against Plaintiff because of her association with a person with a disability. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VI.

## PUNITIVE DAMAGES

21.     The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## VII.

## LIQUIDATED DAMAGES

22.     Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff further seeks liquidated damages in an amount equal to wages, salary, employment benefits, or other compensation lost by Plaintiff and described in §IV, supra.

## VIII.

## ATTORNEYS' FEES AND EXPERT FEES

23.     A prevailing party may recover reasonable attorneys' and experts' fees under the ADA, FMLA, and TCHRA. Plaintiff seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services,and any appeals. Plaintiff additionally brings suit for expert fees.

## IX.

## JURY DEMAND

24.     Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1.      The Court assume jurisdiction of this cause;

2.      The Court award Plaintiff damages as specified above;

3.      The Court award Plaintiff reinstatement or, in the alternative, front pay;

4.      The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5.      The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

6.      The Court award Plaintiff reinstatement with a requirement of reasonable accommodation, or, in the alternative, that the Court award front pay to the Plaintiff. Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

THE LAW OFFICES OF KELL A. SIMON
501 North IH-35, Suite 111
Austin, Texas 78702
(512) 898-9662 Telephone
(512) 368-9144 Facsimile

/s/ Kell A. Simon
Kell A. Simon
State Bar No. 24060888
ATTORNEY FOR PLAINTIFF

6