# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **DERRICK GARNER,** *Plaintiff* | § § § | |
| v. | § § | CIVIL NO. 1:20-CV-01167-DAE |
| **MARTIN MARIETTA MATERIALS, INC.,** *Defendant* | § § § | |

## **O R D E R**

Before the Court are Defendant's Motion to Compel, filed October 4, 2021 (Dkt. 21); Plaintiff's Response to Defendant's Motion to Compel, filed October 12, 2021 (Dkt. 22); and Defendant's Reply in Support of Motion to Compel, filed October 14, 2021 (Dkt. 23). On October 5, 2021, the District Court referred the motion to the undersigned Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.  Background

Plaintiff Derrick Garner was hired as a ready-mix concrete truck driver by Defendant Martin Marietta Materials, Inc. in October 2017. Plaintiff's employment was terminated on January 27, 2020, two days after he missed a day of work under the Family and Medical Leave Act ("FMLA") to care for his mother. Complaint, Dkt. 1 ¶ 10. Plaintiff alleges that: "The reasons given for Mr. Garner's termination are a pretext for illegal discrimination based on Mr. Garner's association with his mother, who was disabled, and for retaliation for taking protected leave" under the FMLA. *Id.* Plaintiff alleges claims of associational discrimination under the FMLA, 29 U.S.C. §§ 2615(a)

1

and (b), and the Americans with Disabilities Act, 42 U.S.C. 12112(b)(4). Plaintiff seeks monetary damages for: (1) past and future lost income, including back pay and front pay; (2) past and future lost benefits; and (3) emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses. Plaintiff also seeks punitive and liquidated damages, as well as attorney's fees.

Defendant contends that Plaintiff was fired after he ruined a load of concrete by failing to backspin the drum on his truck to remove water before it was filled with concrete. Dkt. 18 at 2. Defendant alleges that it terminated Plaintiff's employment "based on his performance-related disciplinary actions over the twelve months before termination." Dkt. 18 at 3.

In February 2021, Defendant served on Plaintiff twelve interrogatories and twelve requests for production. Defendant now asks the Court to compel plaintiff to supplement his discovery responses and production.

## II. Legal Standards

Federal Rule of Civil Procedure 26(b)(1) provides that: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." The scope of discovery is broad. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 820 (5th Cir. 2004)).

After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. FED. R. CIV. P. 37(a)(1). The party resisting discovery must show how each discovery request is not relevant or otherwise objectionable. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir.

1990). A trial court enjoys wide discretion in determining the scope and effect of discovery. *JP Morgan Chase Bank, N.A. v. DataTreasury Corp.*, 936 F.3d 251, 255 (5th Cir. 2019).

### III.  Analysis

Defendant's motion to compel comprises five requests for production and four interrogatories.

### A.  Requests for Production

Defendant moves to compel production to Requests for Production 1, 2, 6, 7, and 8. Plaintiff did not object to any of these requests; rather, he responded to each: "Plaintiff will produce documents in his possession that are responsive to this request." Dkt. 21-1. Plaintiff now states that he "has no additional documents in his possession that are responsive to Defendant's discovery requests." Dkt. 22 at 1.

#### 1.  Requests for Production Nos. 1 and 2

Request No. 1 seeks: "All documents reflecting any alleged harassment, discrimination (direct or associational), retaliation, or FMLA interference by Martin Marietta," while Request No. 2 is: "All documents and communications exchanged between you and Martin Marietta concerning FMLA leave or time-off." Dkt. 21-1 at 5. Plaintiff states in his brief in response to Defendant's motion to compel that he produced his case file from the U.S. Equal Employment Opportunity Commission in response to Request No. 1, and that he "did not locate any documents responsive to" Request No. 2. Dkt. 22 at 1.

Plaintiff has an ongoing duty to supplement his discovery responses "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). As Plaintiff has now made known that he has no additional documents responsive to these requests, Defendant's Motion to Compel is **DENIED** as to Requests for Production Nos. 1 and 2.

### 2. Request for Production No. 6

Defendant's Request for Production No. 6 seeks:

> Documents reflecting any and all efforts to mitigate your damages, including any resumes, applications for employment, cover letters, reference letters, job inquiries, offers of employment, employment agreements, independent contractor and consulting agreements or arrangements, job advertisements or postings, rejection letters, and any other communications with any potential or actual employer.

Dkt. 21-1 at 5. Defendant argues that this information is relevant to Defendant's claim that Plaintiff failed to mitigate his damages by not seeking employment. Plaintiff did not respond to Defendant's arguments in his brief. Defendant's Motion to Compel therefore is **GRANTED** as to Request for Production No. 6. *See Certain Underwriters at Lloyd's, London v. Axon Pressure Prod. Inc.*, 951 F.3d 248, 259 n.4 (5th Cir. 2020) (finding that party's failure to respond to opposing party's argument constituted waiver of the issue); *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 n.10 (S.D. Tex. 2003) (noting that "failure to brief an argument in the district court waives that argument in that court").

### 3. Requests for Production Nos. 7 and 8

Defendant's Request for Production No. 7 seeks:

> Documents sufficient to show any income or other compensation received by or owed to you from 2019 to present, including your federal and state income tax returns, paychecks, paystubs, invoices, settlement payments, statements of work, Form W-2s, Form 1099s, social security benefits, social security disability benefits, unemployment insurance benefits, workers' compensation benefits, and long-term or short-term disability benefits.

Dkt. 21-1 at 5. Request for Production No. 8 requests "All documents concerning or reflecting your alleged damages in this case." *Id.* at 6. Plaintiff states in his response brief that he has produced his W2 forms for 2018 through 2020, and that he has no other responsive documents. Dkt. 22 at 2.

4

Defendant cites Plaintiff's deposition testimony and other evidence indicating that Plaintiff has been operating a cash business and engaging in cryptocurrency trades. *See* Dkt. 23 at 3-4. Defendant contends that Plaintiff's bank statements and other financial records are relevant to the issue of damages in this case, and the Court agrees. Accordingly, the Court **GRANTS** Defendant's Motion to Compel as to Requests for Production Nos. 7 and 8 and **ORDERS** Plaintiff to produce all responsive financial records "sufficient to show any income or other compensation received by or owed to you from 2019 to present."

### B. Interrogatories

Defendant moves to compel responses to Interrogatories No. 9 through 12. Plaintiff did not object to any of these interrogatories. Dkt. 21-2. As further explained below, the Court **GRANTS** Defendant's motion as to each interrogatory.

#### 1. Interrogatory No. 9

Interrogatory No. 9 states: "Describe all your efforts to find employment after your Martin Marietta employment ended. Please include (with dates) any job applications, job offers, and accepted or declined employment." Dkt. 21-2 at 7. Plaintiff responded that he began looking for new jobs after his termination, and that he "will produce documents showing jobs applied for following his termination." *Id.* Plaintiff now states that he "has not been able to locate records of his work searches," but "will supplement his interrogatory response to include the applications discussed in his deposition." Dkt. 22 at 2. Because the Court finds that the requested information is relevant to Plaintiff's claims for damages, Plaintiff is **ORDERED** to supplement his response to Interrogatory No. 9 to respond to the interrogatory fully.

### 2. Interrogatory No. 10

Interrogatory No. 10 states: "Identify all income, compensation, and benefits received by you from 2019 to the present." Dkt. 21-2 at 8. Plaintiff has produced his unemployment earnings and W2 forms. Plaintiff claims that he has not had a job since his termination and has no other evidence of income. Nonetheless, as discussed above with respect to Requests for Production Nos. 7 and 8, Defendant identifies evidence that Plaintiff may have received other income or compensation. Accordingly, Plaintiff is **ORDERED** to supplement his response to Interrogatory No. 10 to respond to the interrogatory fully.

### 3. Interrogatory No. 11

Interrogatory No. 11 states:

> Describe your alleged emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, lost earning capacity, and other pecuniary and non-pecuniary loss. (Comp. ¶ 19). For each such condition, include the dates you suffered the condition, any symptoms, and all healthcare providers who provided consultations or treatment.

*Id.* In response to the interrogatory, Plaintiff stated that as a result of the termination, he "has suffered from depression, anxiety, loss of sleep, and interference in his interactions with his family members." *Id.* In his response brief, Plaintiff elaborates that "he had been treated at Seton Brackenridge for depression, but could not recall the name of his doctor there." Dkt. 22 at 2-3. Because this information is relevant to the claims and defenses in this case, the Court **ORDERS** Plaintiff to supplement his response to Interrogatory No. 11 as fully as possible, including "the dates you suffered the condition, any symptoms, and all healthcare providers who provided consultations or treatment."

### 4. Interrogatory No. 12

Finally, Interrogatory No. 12 states: "For each claim, what damages do you seek in this case? Provide the type of damages, the amount, the factual basis for those damages, the legal basis for those damages, and any method used to calculate those damages." Dkt. 21-2 at 8. Plaintiff states in his response brief that he will supplement this response to include additional information regarding his lost wages. Dkt. 22 at 3. The Court **ORDERS** Plaintiff to respond fully to Interrogatory No. 12.

## IV. Conclusion

Defendant's Motion to Compel (Dkt. 21) is **GRANTED IN PART** and **DENIED IN PART.** The Court **GRANTS** the Motion as to Requests for Production Nos. 6-8 and Interrogatories No. 9, 10, 11, and 12. The Court **ORDERS** Plaintiff to supplement his production and discovery responses as required herein **on or before November 15, 2021**. Failure to comply with this Order may result in the imposition of sanctions and/or dismissal of this case for failure to prosecute.

Defendant's Motion to Compel as to Requests for Production Nos. 1 and 2 is **DENIED**.

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable David A. Ezra.

**SIGNED** on October 27, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE